## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**UNITED STATES OF AMERICA,**

       Plaintiff,

**v.**                                    **CIVIL ACTION NO.: 3:16-CV-24**
                                            **(GROH)**

**CITY PHARMACY, LLC; CITY PHARMACY**
**OF CHARLES TOWN, INC.; DAVID M.**
**WASANYI; AMY WASANYI; and**
**ROGER LEWIS,**

       Defendants.

## ORDER DENYING DEFENDANT AMY WASANYI'S MOTION TO STRIKE

Currently pending before the Court is Defendant Amy Wasanyi's Motion to Strike [ECF No. 52], filed on August 19, 2016. In her motion, Ms. Wasanyi requests that the Court strike from its docket Defendant David Wasanyi's August 8, 2016 filing [ECF No. 51]. The document is captioned for filing in the Family Court of Berkeley County, West Virginia, and contains information regarding Mr. and Ms. Wasanyi's divorce proceeding.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court may, either on its own or upon motion of a party,[1] "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking of a pleading is a drastic remedy, motions to strike are generally disfavored. See Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). Generally, motions to strike are denied "unless the allegations attacked have no

---

[1] If the motion to strike is made by a party it must be filed "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

possible relation to the controversy and may prejudice the other party." <u>Steuart Inv. Co.</u> <u>v. Bauer Dredging Constr. Co.</u>, 323 F. Supp. 907, 909 (D. Md. 1971).

Rule 12(f) limits a court's power to striking *pleadings*. Pleadings, as defined by Rule 7(a) of the Federal Rules of Civil Procedure, include complaints, answers to complaints, answers to counterclaims, answers to crossclaims and third-party complaints. <u>See</u> Fed. R. Civ. P. 7(a). Therefore, because it is not a pleading, Defendant David Wasanyi's family court filing will not be stricken from the record pursuant to Rule 12(f). <u>See, e.g.</u>, <u>Schulte v. Petry</u>, Civil No. JKB-14-419, 2015 WL 4656183, at *1 (D. Md. Aug. 5, 2015); <u>Huskey v. Ethicon, Inc.</u>, Civil Action No. 2:12-cv-05201, 2014 WL 1347372, at *1 (S.D. W. Va. Apr. 3, 2014) (collecting cases); <u>James v. Experian Info. Sols., Inc.</u>, Civil Action No. 3:12cv902, 2014 WL 29041, at *6 (E.D. Va. Jan. 2, 2014); <u>Warren v. Tri Tech Labs., Inc.</u>, Civil Action No. 6:12-CV-00046, 2013 WL 6147680, at *3 (W.D. Va. Nov. 22, 2013) (collecting cases). However, because Mr. Wasanyi's August 8, 2016 filing contains confidential information that Ms. Wasanyi alleges is "not available to the public in the divorce proceeding," and because the information contained therein is irrelevant to the instant case, the Court will direct the Clerk to seal the document.

Accordingly, the Court **ORDERS** that Defendant Amy Wasanyi's Motion to Strike [ECF No. 52] is **DENIED**.

The Clerk is **DIRECTED** to **SEAL** the August 8, 2016 filing by Defendant David Wasanyi [ECF No. 51].

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED:** November 10, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE